**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MATTHEW RANKIN,<br><br>*Plaintiff*,<br><br>v.<br><br><br>CITY OF DALLAS, and DANIEL C. COMEAUX, in his official capacity as Chief of Police of the Dallas Police Department<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-01594 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Matthew Rankin ("Plaintiff" or "Mr. Rankin") files this Original Complaint for Declaratory and Injunctive Relief against Defendants the City of Dallas (the "City") and Daniel C. Comeaux, in his official capacity as Chief of Police of the Dallas Police Department ("Chief Comeaux") (collectively, "Defendants"), and respectfully states as follows:

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to vindicate Plaintiff's rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution, and to obtain declaratory and injunctive relief against Defendants' unlawful conduct.

2. On or about April 1, 2026, Plaintiff—a law-abiding, licensed handgun carrier—lawfully entered the lobby of the Dallas Police Department headquarters to visit the Dallas Police Museum, a publicly accessible museum housed within the building. Despite the fact that the Dallas Police Department headquarters is not a statutorily prohibited place for the lawful carry of a handgun under Texas law, Plaintiff was refused entry, then unlawfully detained outside the building, then arrested for a non-existent offense ("pedestrian in a roadway") outside of the Dallas Central Business District, all for the purpose of compelling him to identify himself and seizing his lawfully carried firearm (a Beretta M9A4 with magazine, light, optic, holster, and CGS 9mm Suppressor) and Ruger LCP2 with magazine, ammo, and holster from his private vehicle.

3. Defendants have refused to return Plaintiff's lawfully owned firearms and have asserted that they will not return it until they perform "ballistics testing" on the weapon, despite the fact that the firearm was not used in any crime, is

not evidence of any crime, and the proposed testing has no legitimate investigative purpose. Such testing constitutes a search under the 4th Amendment. Defendants' continued retention of the firearm and their stated intention to perform ballistics testing and add the firearm to a registry violates Plaintiff's rights under the Fourth Amendment.

4. Plaintiff seeks (a) a declaratory judgment that he was lawfully carrying a licensed handgun in a public place at Dallas Police Department headquarters; (b) a declaratory judgment that the arrest of Plaintiff for “pedestrian in a roadway” outside of the Dallas Central Business District was unlawful and not authorized by Texas or municipal law; and (c) injunctive relief requiring Defendants to immediately return Plaintiff's firearm and to refrain from any ballistics testing, registry entry, cataloguing, or other retention of data about Plaintiff's firearm.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and Federal Rule of Civil Procedure 57, and to grant injunctive relief under 28 U.S.C. § 1343 and Federal Rule of Civil Procedure 65.

3. This Court has supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because all of the acts and omissions giving rise to this action occurred in Dallas County, Texas, which lies within the Dallas Division of the Northern District of Texas, and because Defendants reside and operate in this district.

## III. PARTIES

1. Plaintiff Matthew Rankin is a natural person, an adult citizen of the United States, and a resident of the State of Texas. At all times relevant hereto, Plaintiff was lawfully in possession of a valid Texas License to Carry a Handgun (or otherwise lawfully entitled under Texas law to carry a handgun in public).

2. Defendant City of Dallas is a home-rule municipality organized and existing under the laws of the State of Texas. The City of Dallas operates the Dallas Police Department, which is a department of the City. The City may be served with process through the Dallas City Secretary at 1500 Marilla Street, Room 5DS, Dallas, Texas 75201, or through the Dallas City Attorney.

3. Defendant Daniel C. Comeaux is sued in his official capacity as Chief of Police of the Dallas Police Department. Chief Comeaux is the final policymaking authority for the Dallas Police Department on matters relating to enforcement of firearm laws within Department-controlled facilities, the seizure and retention of firearms taken from members of the public, and the policies and practices challenged herein. Chief Comeaux may be served with process at the Dallas Police Department, 1400 Botham Jean Boulevard, Dallas, Texas 75215.

## IV. FACTUAL ALLEGATIONS

### A. The Dallas Police Department Headquarters and the Dallas Police Museum.

1. The Dallas Police Department maintains its headquarters at 1400 Botham Jean Boulevard, Dallas, Texas 75215 ("DPD Headquarters").
2. DPD Headquarters is located outside of the Dallas Central Business District as defined under applicable provisions of the Dallas City Code.
3. DPD Headquarters houses the Dallas Police Museum, a museum that is open to the public and that is advertised by the Dallas Police Department as available for public visitation.
4. DPD Headquarters is a publicly accessible building. It is not a courthouse, polling place, racetrack, secured area of an airport, correctional facility,

hospital, amusement park, or any other location designated as a "prohibited place" for the carry of a handgun by a license holder under Texas Penal Code § 46.03.

5. Plaintiff is informed and believes, and on that basis alleges, that the Dallas Police Department has not complied with the statutory requirements of Texas Government Code §§ 411.209 and 30.06/30.07 to designate the public areas of DPD Headquarters as prohibited for licensed carry, and that any signage suggesting otherwise is legally ineffective and/or unlawful as applied to a license holder lawfully visiting the public areas of the building.

**B. Plaintiff's Visit to the Dallas Police Museum on April 1, 2026.**

6. On or about April 1, 2026, Plaintiff peacefully entered DPD Headquarters for the lawful purpose of visiting the Dallas Police Museum.
7. Plaintiff was lawfully carrying a handgun on his person pursuant to Texas law.
8. Upon entering the building, officers and/or agents of the Dallas Police Department refused to allow Plaintiff to enter the publicly accessible areas of DPD Headquarters—including the Dallas Police Museum—while in possession of his lawfully carried firearm.
9. DPD Headquarters is not a prohibited place under Texas Penal Code § 46.03. The carry of Plaintiff's licensed handgun in the publicly accessible areas of DPD Headquarters was lawful at all times.

10. Plaintiff peacefully discussed the signage and the basis for the refusal of entry with the officers present, and after being denied entry, voluntarily left the building without incident.

**C. The Unlawful Detention by Officer Gillium and Lt. Sunquist.**

11. Shortly after exiting the building, Plaintiff was confronted on the public way by Dallas Police Officer Gillium (Badge No. 9551).

12. Officer Gillium unlawfully detained Plaintiff. Plaintiff was not free to leave during this initial encounter.

13. Officer Gillium had no reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense. The lawful carry of a licensed handgun is not—standing alone or in combination with the facts known to Officer Gillium—reasonable suspicion of criminal activity.

14. Within approximately one minute, Lieutenant Sunquist arrived on the scene. Officer Gillium informed Lt. Sunquist that Plaintiff had been inside DPD Headquarters with a pistol and that Officer Gillium "just wanted to make sure he was okay to have it."

15. When Plaintiff explained to Lt. Sunquist that he was being illegally detained, Lt. Sunquist responded that Plaintiff was "free to go."

16. Plaintiff explained that the purpose of his visit had been to check the lawfulness of the gun signage at DPD Headquarters. After this explanation, Lt. Sunquist again stated that Plaintiff was "free to go."

17. In total, Plaintiff was held against his will for approximately three and one-half (3½) minutes during the initial detention.

18. During and after this exchange, no fewer than eight (8) additional Dallas Police officers arrived on the scene.

**D. The Pretextual Arrest for "Pedestrian in a Roadway."**

19. While Plaintiff stood in the public way and engaged in lawful, peaceful, and protected activity, the officers present conferred and conspired among themselves to manufacture a pretextual basis to arrest Plaintiff in order to compel Plaintiff to identify himself and to seize his firearm.

20. Officers thereafter purported to arrest Plaintiff for "pedestrian in a roadway." Plaintiff was arrested at a location outside the Dallas Central Business District.

21. "Pedestrian in a roadway" is not, on the facts presented, a criminal offense. The Texas Transportation Code does not require pedestrians to cross streets only at marked crosswalks.

22. Dallas City Code, Chapter 28, Section 28-92, requires the use of crosswalks only within the boundaries of the Central Business District. Outside the

Central Business District, no provision of the Dallas City Code criminalizes Plaintiff's conduct.

23. The arrest was without probable cause and was made for the unlawful purpose of compelling Plaintiff to identify himself and seizing his lawfully carried firearm.

24. Pursuant to the arrest, officers seized Plaintiff's handgun.

**E. The Continued Unlawful Retention of Plaintiff's Firearm.**

25. Defendants have refused to return Plaintiff's handgun.

26. Defendants have stated that they will not return Plaintiff's handgun until they perform "ballistics testing" on the firearm.

27. The firearm was not used in the commission of any crime, was not connected to any crime, and is not evidence of any crime.

28. There is no probable cause, reasonable suspicion, articulable investigative purpose, or other lawful basis for the continued retention of Plaintiff's firearm or for any forensic, ballistic, or other testing of the firearm.

29. On information and belief, Defendants intend to fire-test, image, document, catalog, or otherwise enter information about Plaintiff's firearm into one or more local, state, or federal databases or registries, including but not limited to ballistics or firearm identification databases (e.g., NIBIN).

30. Such testing and registry entry constitutes a search and seizure of the firearm beyond the scope of any lawful initial seizure incident to arrest, and serves no legitimate investigatory purpose tied to any specific suspected criminal offense.

31. Plaintiff has demanded the return of his lawfully owned firearm. Defendants have refused.

## V. CAUSES OF ACTION

### COUNT I
### Declaratory Judgment — Lawful Carry at Dallas Police Department Headquarters
*(28 U.S.C. §§ 2201–2202)*

1. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

2. An actual case or controversy exists between Plaintiff and Defendants regarding whether Plaintiff was lawfully entitled to carry his licensed handgun into the publicly accessible areas of DPD Headquarters on April 1, 2026.

3. DPD Headquarters is not a location designated as a prohibited place under Texas Penal Code § 46.03 or any other applicable statute. Defendants have failed to satisfy the statutory prerequisites of Texas Government Code § 411.209 and Texas Penal Code §§ 30.06–30.07 to lawfully exclude license holders from the public areas of DPD Headquarters.

4. Plaintiff seeks a declaration that, on April 1, 2026, he was lawfully carrying his licensed handgun into a public place at the Dallas Police Department headquarters, and that Defendants' refusal of entry on the basis of his licensed carry was unlawful and contrary to Texas law.

**COUNT II**
**Declaratory Judgment — Unlawful Arrest for "Pedestrian in a Roadway"**
*(28 U.S.C. §§ 2201–2202; 42 U.S.C. § 1983)*

5. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.
6. An actual case or controversy exists between Plaintiff and Defendants regarding the lawfulness of Plaintiff's arrest for "pedestrian in a roadway."
7. The Texas Transportation Code does not require a pedestrian to cross a street only at a crosswalk, and Dallas City Code, Chapter 28, Section 28-92, requires the use of crosswalks only within the Central Business District.
8. Plaintiff was arrested outside the Dallas Central Business District. His conduct violated no statute, ordinance, or other law, and his arrest was made without probable cause.
9. Plaintiff seeks a declaration that the Dallas Police Department's arrest of Plaintiff for "pedestrian in a roadway" outside of the Central Business District on April 1, 2026, was unlawful, was made without probable cause, and

violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT III**
**42 U.S.C. § 1983 — Fourth and Fourteenth Amendment Violations**
*(Unlawful Detention, Unlawful Arrest, and Unlawful Seizure of Firearm)*

10. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

11. At all times relevant to this Complaint, Defendants and their officers were acting under color of state law within the meaning of 42 U.S.C. § 1983.

12. The investigatory detention of Plaintiff outside DPD Headquarters—where Plaintiff was held for approximately three and one-half minutes without reasonable suspicion that he had committed any crime—constituted an unreasonable seizure in violation of the Fourth Amendment.

13. The subsequent arrest of Plaintiff for "pedestrian in a roadway", an offense for which probable cause was lacking and which does not in fact exist on the facts here, constituted an unreasonable seizure in violation of the Fourth Amendment.

14. The continuing seizure of Plaintiff's firearm—and Defendants' announced intent to perform ballistics testing and to enter information about the firearm into one or more registries or databases—constitutes an ongoing unreasonable seizure and search in violation of the Fourth Amendment, because the firearm

is not evidence of any crime and there is no lawful basis for the continued retention of, or testing upon, the firearm.

15. These violations were committed pursuant to one or more policies, practices, or customs of the City of Dallas and the Dallas Police Department, including without limitation: (a) a policy or practice of refusing entry to licensed handgun carriers in publicly accessible areas of DPD Headquarters notwithstanding the absence of any lawful prohibition; (b) a policy or practice of detaining and arresting individuals on pretextual grounds in order to seize lawfully possessed firearms; and (c) a policy or practice of submitting lawfully possessed firearms to ballistics testing and registry entry without any lawful basis.

16. Chief Comeaux, in his official capacity, is the final policymaker for the Dallas Police Department on the matters challenged herein.

17. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury, including the deprivation of his constitutional rights, the loss of use and possession of his lawfully owned firearm, and reputational and dignitary harm.

## COUNT IV
## Injunctive Relief
*(Return of Firearm and Prohibition of Ballistics Testing or Registry Entry)*

18. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

19. Plaintiff has no adequate remedy at law for the ongoing unlawful retention of his firearm and the threatened ballistics testing and registry entry. Money damages would not restore his lawful possession of the firearm or remediate the constitutional injury caused by the unlawful testing or registry entry.

20. Unless enjoined, Defendants will continue to retain Plaintiff's firearm, will perform ballistics testing on the firearm, and will enter information regarding the firearm into one or more local, state, or federal databases or registries, in violation of Plaintiff's Fourth Amendment rights.

21. Plaintiff is entitled to a preliminary and permanent injunction (a) requiring Defendants to immediately return Plaintiff's handgun, undamaged and unaltered, and (b) prohibiting Defendants from performing any ballistics testing or other forensic examination of the firearm, and from entering any information regarding the firearm into any registry, database, or catalog (ballistic or otherwise).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew Rankin respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. A declaratory judgment that, on April 1, 2026, Plaintiff was lawfully carrying a licensed handgun into a public place at the Dallas Police Department headquarters, 1400 Botham Jean Boulevard, Dallas, Texas 75215, and that the Dallas Police Department's refusal of entry on the basis of his licensed carry was unlawful;

B. A declaratory judgment that the arrest of Plaintiff for “pedestrian in a roadway” outside of the Dallas Central Business District was without probable cause, was not authorized by the Texas Transportation Code or the Dallas City Code, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

C. A preliminary and permanent injunction requiring Defendants to immediately return Plaintiff's handgun, undamaged and unaltered;

D. A preliminary and permanent injunction prohibiting Defendants from performing any ballistics testing, fire-testing, imaging, fingerprinting (other than collection performed at the time of arrest, if already lawfully performed), forensic examination, or other testing of Plaintiff's firearm, and prohibiting Defendants from entering any information about Plaintiff's firearm into any registry, database, catalog, or system (including without limitation NIBIN or any equivalent ballistic identification system);

E. An award of Plaintiff's reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and any other applicable provision of law; and

F. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

**JURY DEMAND**

Plaintiff does not demand a trial by jury on any issues so triable.

Dated: May 15, 2026

Respectfully submitted,

CJ Grisham
State Bar No. 24124533
GFA Law, PLLC
3809 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76502
Telephone: (254) 405-1726
Email: cj@cjgrisham.com

**ATTORNEY FOR PLAINTIFF MATTHEW RANKIN**